# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **MARTHA RUTH SMITH** | **CIVIL ACTION NO. 15-1989-P** |
| **VERSUS** | **JUDGE HICKS** |
| **PAUL YOUNG** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Martha Ruth Smith ("Petitioner"), pursuant to 28 U.S.C. § 2254. This petition was received and filed in this court on July 1, 2015. Petitioner was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when she filed this action. She challenges her state court conviction and sentence. She also challenges the termination of her parental rights and the adoption of her children. Petitioner names Judge Paul Young as respondent.

On June 26, 2015, Petitioner was convicted of one count of contempt of court for violating a restraining order in the Louisiana First Judicial District Court, Parish of Caddo. She was sentenced to six months imprisonment.

In support of this petition, Petitioner claims (1) the 2013 restraining order had expired and the June 2, 2015 restraining order was issued after the date of the alleged violation for which she was convicted, (2) Judge Young terminated her parental rights even though he

failed to present a valid oath and should have recused himself from her case, (3) the state workers questioned her children without her permission, refused to disclose information to her, and held her children, (4) the charges were bogus and the allegations were false, (5) her children's adoptive parents tried to take custody of her children in 2011 under similar allegations, (6) her children's adoptive parents only want custody of the children for financial gain, and (7) she has suffered two years of injustice in Judge Young's court.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies and her claims challenging the termination of her parental rights and the involuntary adoption of her children should be dismissed for lack of subject matter jurisdiction.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the

habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner fails to provide documentation that she has exhausted her available state court remedies as to the claims presented in this petition. Thus, Petitioner did not exhaust her state court remedies prior to filing his petition in this court.

Petitioner challenges the state court judgment which terminated her parental rights and granted the involuntarily adoption of her children . Federal courts lack jurisdiction over state court judgments that involuntarily terminate parental rights and they do not have the power to issue child custody decrees. Ankenbrandt v. Richards, 504 U.S. 689 (1992); Lehman v. Lycoming County Children's Services, 458 U.S. 502, 516 (1982); Roman–Nose v. New Mexico Dept. of Human Service, 967 F.2d 435 (10th Cir.1993). Thus, this court does not have subject matter jurisdiction over Petitioner's claims regarding the termination of her parental rights and the involuntary adoption of her children.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED** that Petitioner's claims challenging the termination of her parental rights and the involuntary adoption of her children be **DISMISSED** for lack of subject matter jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the

date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge